**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5122-18T3

SYNERTX, INC.,

     Plaintiff-Respondent,

v.

VALLEY VIEW
REHABILITATION & HEALTH
CARE CENTER, LLC,

     Defendant-Appellant.

_____

Submitted September 14, 2020 – Decided September 30, 2020

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0031-17.

George T. Daggett, attorney for appellant.

Keith A. Hyche and Robert G. Harken (Harken Law Firm, LLC) of the Missouri and Kansas bars, admitted pro hac vice, attorneys for respondent (Keith A. Hyche and Robert G. Harken, on the brief).

PER CURIAM

Defendant Valley View Rehabilitation & Health Care Center, LLC appeals from a March 7, 2019 order for final judgment awarding plaintiff Synertx, Inc. the sum of $209,901.44 in damages and $28,895.33 in attorney's fees and costs pursuant to the parties' written agreement for professional therapy services. We affirm.

In February 2016, the parties entered into a written agreement, entitled Independent Contractor Agreement for Ongoing Professional Services (Agreement). In accordance with the Agreement, plaintiff provided trained, certified, and licensed physical, occupational, and speech therapists to treat defendant's Medicare Part A patients and residents. Under the Agreement, defendant agreed to pay plaintiff's monthly invoices, including the per diem Resources Utilization Groups (RUG) rates for Medicare Part A patients.[1]

Defendant started to incur late payment services fees as of May 14, 2016 for failing to timely pay plaintiff's monthly invoices. Four months later, defendant stopped making any payments to plaintiff. Defendant never raised issues regarding the services plaintiff provided in accordance with Paragraph

---

[1] The RUG rates are tiered at different levels based on the services provided. The more skilled the services and the higher the rehabilitation levels required by a patient, the greater the reimbursement rate.

A-5122-18T3

4.2 of the Agreement.[2]  According to plaintiff, as of March 31, 2018, defendant owed $203,294.14, with interest accruing at a per diem rate of $101.65.

Plaintiff filed a complaint against defendant alleging breach of the Agreement.  Defendant responded by filing an answer and counterclaim.  In its counterclaim, defendant asserted plaintiff failed to provide sufficient therapy services on a weekly basis to its Medicare A patients.  According to defendant, if plaintiff had done so, defendant would have been able to bill Medicare at a higher rate and sought to offset the sums owed to plaintiff in the amount of $92,850, representing lost revenue from Medicare.

Plaintiff filed a motion for summary judgment seeking to recover the amount of its unpaid invoices, plus interest and attorney's fees, and dismiss defendant's counterclaim.  After reviewing the briefs and certifications, and hearing the arguments of counsel, Judge David J. Weaver granted plaintiff's summary judgment motion in its entirety.  In a written statement of reasons, Judge Weaver found "[d]efendant does not deny that [it] stopped paying [p]laintiff's monthly invoices starting on September 30, 2016." Nor did

---

[2] This paragraph required defendant raise questions or issues regarding invoices "in writing within fourteen (14) days of receiving the invoice, or such invoice shall be deemed accurate and complete in all regards."

A-5122-18T3

defendant deny "that starting on May 14, 2016, it started to incur late payment service fees for failing to timely pay [p]laintiff's monthly invoices . . . ." The judge rejected defendant's argument that plaintiff waived the late fees, finding no evidence of an agreement to waive those fees. The judge concluded there were no genuine issues of material fact related to defendant's breach of the Agreement and entered summary judgment for plaintiff is the amount of $209,901.44.

Judge Weaver also considered and rejected defendant's offset against the amounts it owed to plaintiff. Defendant submitted a chart indicating it would have received "an additional $92,850 in revenue" for services provided "from 02/2016 [to] 08/2016." However, the judge determined the chart was "not evidence" and defendant failed to provide information supporting the chart's veracity. In addition, the judge found defendant "provided no expert report or other competent evidence to support its counterclaim or the offset" or the "lost 1,400 days of bed usage at $500 per day." Based on defendant's lack of competent and admissible evidence, Judge Weaver dismissed defendant's counterclaim.

The judge also awarded plaintiff's requested attorney's fees and costs in accordance with Paragraph 12.2 of the Agreement. Pursuant to the Agreement,

"[t]he prevailing party in any legal action between the [p]arties shall be entitled to recover reasonable attorney[']s fees and costs from the other party."  As the prevailing party, Judge Weaver concluded plaintiff was entitled to reasonable attorney's fees and costs in the amount of $28,895.33.  The judge entered an order for final judgment on March 7, 2019.

On appeal, defendant argues the judge erred in granting summary judgment in favor of plaintiff and dismissing its counterclaim because there were materially disputed facts requiring a trial.  We disagree.

Our review of rulings on motions for summary judgment is de novo, applying the same legal standard as the trial court.  Lee v. Brown, 232 N.J. 114, 126 (2018).  Summary judgment shall be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995).  If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted."  Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)).

A party opposing summary judgment does not create a genuine issue of fact simply by offering a sworn statement.  See Carroll v. N.J. Transit, 366 N.J.

5

Super. 380, 388 (App. Div. 2004). "'[C]onclusory and self-serving assertions' in certifications without explanatory or supporting facts will not defeat a meritorious motion for summary judgment." Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009) (quoting Puder v. Buechel, 183 N.J. 428, 440 (2005)). In opposing summary judgment, a party must provide competent evidence that demonstrates a genuine issue for trial.

The elements of a breach of contract claim require proof of "a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and a breach causing the claimant to sustain[] damages." EnviroFinance Grp., LLC v. Envtl. Barrier Co., LLC, 440 N.J. Super. 325, 345 (App. Div. 2015) (citing Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007)).

Applying these standards, we discern no reason to disturb the well-reasoned summary judgment rulings rendered by Judge Weaver. Defendant did not dispute entering into the Agreement with plaintiff for therapist services. Nor did defendant deny it failed to pay the invoiced amounts and the late payment service fees. The Agreement provided a mechanism for defendant to question plaintiff's invoices, and defendant never submitted the required writing challenging any invoices within fourteen days of receipt of the invoice.

6

Defendant's argument that the parties waived the Agreement's provision requiring any questions or issues related to the invoices be submitted in writing was unsupported in the record.

Nor do we find any error in the judge's dismissal of defendant's counterclaim. Defendant failed to present admissible and competent evidence in support of its claim to offset plaintiff's damages resulting from its breach of contract. There was no expert report supporting the information contained in the chart produced to the motion judge related to defendant's calculation of the offset amount. Further, there was no supporting documentation identifying any patients who should have received additional weekly therapy minutes from plaintiff that would have allowed defendant to bill at the higher Medicare reimbursement rate.

In addition, Judge Weaver correctly concluded the certification and chart submitted by defendant's administrator was deficient. The administrator was not a doctor or licensed therapist and lacked any personal knowledge or expertise to evaluate the level of therapy plaintiff provided to Medicare Part A patients. Similarly, the judge properly rejected the emails submitted by defendant as lacking relevant information in support of defendant's counterclaim and concisely stated the reason he rejected each of the emails.

A-5122-18T3

Having reviewed the record, we are satisfied Judge Weaver properly granted summary judgment in favor of plaintiff based on defendant's breach of the Agreement and appropriately dismissed defendant's counterclaim as lacking competent admissible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5122-18T3